### NITKE v. WARREN LEATHER GOODS CO.

(Circuit Court of Appeals, Second Circuit. February 18, 1920.)

#### No. 131.

1. SALES ⬤═88—WHETHER CONTRACT RELATED TO SPECIFIC LOT OF GOODS WAS A QUESTION FOR THE COURT.

Whether a contract whereby defendant sold plaintiff 500 sides of leather buffings and gave him an option "on balance of about 2,000 sides" related to a specific lot of goods or called for the quantity specified was a question for the court.

2. SALES ⬤═88—WHETHER REFERENCE TO QUANTITY WAS CONTRACTUAL OR AN ESTIMATE WAS A QUESTION FOR THE COURT.

Whether the reference to quantity in a contract whereby defendant sold plaintiff 500 sides of leather buffings and gave him an option "on balance of about 2,000 sides" amounted to an undertaking that the quantity should be so much or constituted words of expectation and estimate only was a question for the court.

3. CONTRACTS ⬤═169—COURT SHOULD LOOK TO SUBJECT-MATTER AND SURROUNDING CIRCUMSTANCES.

In construing a written contract, the court should look, not only at the language employed, but to the subject-matter and surrounding circum-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stances, and avail itself of the same light that the parties possessed when the contract was made.

4. SALES ⟨Key⟩71(5)—CONTRACT CONSTRUED AS ONE FOR PARTICULAR LOT OF GOODS AND NOT FOR PARTICULAR QUANTITY.

Where plaintiff was shown the quantity of leather buffings which defendant desired to sell, and made defendant an offer for 500 on condition that he be given an option for the balance, and was thereupon given an option "on balance of about 2,000 sides," the contract called for the balance of the lot which plaintiff saw and bargained for, and not the specified quantity.

5. SALES ⟨Key⟩164—WHERE SALE WAS OF PARTICULAR LOT OF GOODS SELLER NOT LIABLE, THOUGH QUANTITY WAS SHORT OF AMOUNT ESTIMATED.

Where the subject-matter of a contract whereby defendant sold plaintiff 500 sides of leather buffings and gave him an option on "balance of about 2,000 sides" was a particular lot of goods which plaintiff had seen and bargained for, defendant was not liable for breach of contract, though there were only about 1,000 sides.

In Error to the District Court of the United States for the Southern District of New York.

Action by Abraham Nitke, doing business as the Nitke Leather Goods Company, against the Warren Leather Goods Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Defendant here and below (Warren Company) had a quantity of "leather buffings," whereof the unit is called a "side." The goods had been obtained by Warren Company for use in making their own product—valises and the like. They were found unsuitable, and it was desired to sell them. Plaintiff below, Nitke, went to defendant's factory, looked at the buffings, which were all in one room, and was told (as he said) that there were about 3,000 sides in all. The men with whom he talked testified that they told him about 2,000 sides.

After this conversation, Nitke according to his own testimony said: "I will tell you, at 18 cents [a foot] I will take the entire lot; but at 18¼ cents, I want you to give me 500, and give me an option for the balance for two weeks after the receipt of the 500." This was accepted, and the bargain reduced to writing; Warren Company agreeing to send 500 sides to Nitke at 18¼ cents a foot, and "will give two weeks' option on balance of about 2,000 sides." The shipment was made, Nitke exercised his option within an agreed extension thereof, and by uncontradicted testimony he received all the buffings in the lot he had seen, and all defendant had; but it turned out that the lot contained no more than about 1,000 sides.

Thereupon this action was brought, wherein Nitke pleaded a contract to sell and deliver to him 2,000 sides, and demanded damages for a breach, viz. the neglect to deliver more than about 1,000. The above material facts appearing, the trial court directed verdict for defendant, and this writ was taken.

Henry L. Sperling, of New York City (Abraham Brekstone, of New York City, of counsel), for plaintiff in error.

Platt & Field and George W. Field, all of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The main question in this case was for the court, viz. whether the parties agreed as alleged in the complaint, or whether the contract related to a specific lot of goods. Brawley v. United States, 96 U. S. 168, 24 L. Ed. 622.

[2] A subsidiary question, also for the court, was whether the 2,000

or 3,000 sides, mentioned or written by the parties, were words of "expectation and estimate only," or amounted to an "undertaking that the quantity should be so much." McConnel v. Murphy, L. R. 5 P. C. 218.

[3, 4] In construing the written document, "it is a fundamental rule" that one should "look, not only to the language employed, but to the subject-matter and the surrounding circumstances," and avail oneself "of the same light which the parties possessed when the contract was made." Merriam v. United States, 107 U. S. 441, 2 Sup. Ct. 540, 27 L. Ed. 531. More specifically this case demanded that "the obviously dominant measure" of what the vendee was to get should be discovered. Smoot v. United States, 237 U. S. 42, 35 Sup. Ct. 540, 59 L. Ed. 829. The written contract itself does not reveal this. It speaks of a "balance," and one asks—balance of what? As soon as the surrounding circumstances are revealed by the vendee's own evidence, it is plain that what was meant was the balance of the lot Nitke saw and bargained for.

[5] The only peg then left on which to hang plaintiff's case is the phrase "about 2,000 sides." Undoubtedly the variance between 2,000 sides and what the vendee got is very gross; and the rule of construction is that, when a quantity named is qualified by such words as "about," or "more or less," their scope is restricted to such "accidental or immaterial variations in quantity as would naturally occur in connection with" that particular transaction. Hadley, etc., Co. v. Highland, etc., Co., 143 Fed. 242, 74 C. C. A. 462. But when it is fairly inferable that what was intended to be and was the subject-matter of contract was a particular lot of goods, then the quantity specified "amounts to no more than a rough estimate of the probable quantity, which, in the absence of fraud, is not regarded as binding on either party." United States v. Pine River, etc., Co., 89 Fed. 911, 32 C. C. A. 411, affirmed 186 U. S. 279, 22 Sup. Ct. 920, 46 L. Ed. 1164.

In this case there is neither allegation nor evidence of fraud; there was no more than a very bad guess by an employé of defendant. A verdict for plaintiff could have rested on nothing but an assumption that the parties bargained for something other than the lot of buffings Nitke saw, or that Warren Company defrauded their customer. The first possible foundation is swept away by the law, and the second by lack of both evidence and appropriate pleading.

Judgment affirmed, with costs.